## Staunton.

## CROMWELL v. COMMONWEALTH.

SEPTEMBER 23, 1897.

1. ELECTORAL BOARDS—*Mandamus*—*Contempt*—*Habeas Corpus.*—The members of an electoral board may be compelled by *mandamus* to perform the duties imposed upon them by law, and for failure to obey a peremptory *mandamus* may be punished for their contempt. Proceedings for contempt cannot be reviewed in the Court of Appeals on application for a writ of *habeas corpus.*

*Prisoner remanded.*

This is an application for a writ of *habeas corpus,* to be directed to the sheriff of Norfolk county, by whom it is alleged the petitioner is unlawfully restrained of his liberty.

The petitioner, E. F. Cromwell, and R. L. Shea and J. J. Warren constituted the electoral board for Norfolk county. The electoral board, after the election of its members by the Legislature, was organized by the election of E. F. Cromwell, as chairman, and J. J. Warren, as secretary. In the early part of the year 1896, J. J. Warren died, leaving E. F. Cromwell and R. L. Shea as the surviving members of the board whose duty it was to elect a successor to said Warren, and a secretary of the board. The surviving members met for that purpose, and also for the purpose of selecting judges for the various precincts in the county for the year 1897, but they were unable to agree either upon a successor upon the board, or the judges of election. Thus matters continued until a short time before the election to be held in May, 1897, when a petition was filed by sundry voters of Norfolk county before the judge of the

Circuit Court of Norfolk county, praying for a writ of *mandamus* to compel the surviving members of the board to fill the vacancy on the board, to elect a secretary thereof, and to appoint judges of election for all of the precincts of said county.

Upon the filing of this petition a rule was made against the surviving members, requiring them to show cause, at a time and place mentioned in the order, why the writ of *mandamus* should not be awarded as prayed in the petition. Upon the service of this rule, the defendants appeared, and demurred and answered. The ground of the demurrer was that they were vested with discretionary powers which they could not be compelled by writ of *mandamus* to perform. The demurrer was overruled, and threupon the respondents severally answered, and each filed a replication to the answer of the other. Each respondent insisted in his answer that he had done everything within his power to discharge the duties of his office, that his co-respondent was unwilling to agree to any name suggested by him to fill the vacancy upon the board, or upon the names of persons who were to act as judges at the several precincts. Each declared that he had done everything that was fair and reasonable and right, and had used his utmost exertions to discharge his duties, but was prevented therefrom by his co-defendant. The judge of the Circuit Court thereupon issued a peremptory *mandamus* requiring the respondents to fill the vacancy on the board, and to appoint judges of election on or before a day mentioned in the order. A portion of this order was suspended for a short while in order to enable E. F. Cromwell to apply for a writ of error. He applied to this court for a writ of error, which was refused. After the refusal of the writ of error the board again met for the purpose of filling the vacancy on the board and appointing judges of election, but were again unable to agree. Thereupon, on the application of the petitioners for the *mandamus*, another time was fixed by an order of the judge of the Circuit Court within which the respondents were required to fill the vacancy, and make the appointments afore-

said. This time having elapsed without the order being complied with, and a suggestion of that fact being made to the judge of the Circuit Court, a rule was made against the said Cromwell and Shea to show cause, if any they could, why they should not be punished for their contempt in failing to obey the order of the court. The defendants appeared and answered the rule, relying upon the same grounds as those set forth in their answer to the petition for the *mandamus,* and setting forth their further efforts and inability to agree either upon the name of a person to fill the vacancy upon the board, or the names of suitable persons for the judges of election. The answer being deemed insufficient, the defendants were adjudged to be in contempt, and, by an order made on August 25, 1897, they were directed to be incarcerated in the jail of Norfolk county until they should purge themselves of their contempt, and, in case of their continued contumacy, until further order of the court, or of the judge thereof in vacation. Thereupon the said E. F. Cromwell sued out a writ of *habeas corpus* from this court.

*Alfred P. Thom* and *John W. Happer,* for the petitioner.

*Burroughs & Bro.* and *Judson & Woodhouse,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

The court is of opinion that the Circuit Court of Norfolk county did not exceed its powers in awarding the writ of *mandamus* commanding the petitioner to perform the duties imposed upon him by law as a member of the electoral board of Norfolk county; namely, to appoint the judges of election for the West Berkley voting precinct, and the Churchland precinct, and for the other precincts of said county; to appoint another member for said board as a successor in the place of J. J. Warren, deceased; and to elect the secretary of said board.

The court is further of opinion that the said command of the Circuit Court not being beyond its power, in whole or in part, but in all respects such as said court had jurisdiction to make, the subsequent proceedings for contempt cannot be reviewed in this application for the writ of *habeas corpus*.

The petitioner is therefore remanded to the custody of the sheriff of Norfolk county; and it is adjudged that said petitioner do pay the costs of this proceeding, including the costs of his transportation to and from this place.

*Prisoner remanded.*